O
JS-6

United States District Court
Central District of California

CRISTINA ZAVALZA,

        Plaintiff,

    v.

WALMART INC. et al.,

        Defendants.

Case № 2:23-cv-08198-ODW (SKx)

**ORDER GRANTING MOTION TO REMAND [10]**

### I.    INTRODUCTION & BACKGROUND

    Before the Court is Plaintiff Cristina Zavalza's Motion to Remand. (Mot., ECF No. 10.) Finding Defendant Walmart Inc.'s removal untimely, the Court **GRANTS** the Motion and remands the case.[1]

    On June 21, 2022, Zavalza initiated this action against Walmart in Los Angeles County Superior Court, asserting negligence and premises liability based on injuries she allegedly sustained on Walmart's premises. (Notice of Removal ("NOR") Ex. 1 ("Compl."), ECF No. 1-1.) On June 26, 2023, Plaintiff served Walmart with the Summons, Complaint, and an initial Statement of Damages. (Decl. Allan L. Dollison ISO Mot. ("Dollison Decl.") ¶ 14, Ex. C, ECF Nos. 10-2, 10-5.) In the Complaint,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Zavalza indicates she seeks more than $25,000, but does not otherwise state a damages figure. (*See generally* Compl.) In the Statement of Damages, Zavalza indicates that she seeks $5,000,000 in general damages. (Dollison Decl. Ex. D ("Statement of Damages"), ECF No. 10-6.)

On August 4, 2023, Zavalza's counsel sent an email to Walmart concerning Zavalza's continuing medical treatment and a recommendation she had received for surgery. (Dollison Decl. Ex. B ("Surgery Email"), ECF No. 10-4.) On September 13, 2023, Zavalza sent Walmart a settlement demand letter detailing her specific injuries and treatment, and reflecting a total of $135,542.44 in past and future medical expenses. (NOR Ex. 2 ("Demand Letter"), ECF No. 1-2.) On September 27, 2023, in response to Walmart's discovery requests, Zavalza amended her Statement of Damages to add $135,542.44 in special damages to the $5,000,000 in general damages. (Decl. Theodore C. Peters ISO Opp'n ("Peters Decl.") ¶ 10 Ex. A ("Amended Statement of Damages"), ECF No. 11-1.)

On September 29, 2023, Walmart removed the case to federal court on the basis of alleged diversity subject matter jurisdiction. (*See* NOR 3–5, ECF No. 1.) Zavalza now moves to remand. (*See* Mot.)

## II.  LEGAL STANDARD

A defendant may remove a civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity between the parties. 28 U.S.C. § 1332.

Two thirty-day periods govern a defendant's time to remove a case. 28 U.S.C. § 1446(b). "[T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (discussing 28 U.S.C. § 1446(b)). "If no ground for removal is evident" "through examination of the four corners" of that pleading, the

case is not removable at that time. *Id.* The second thirty-day period is triggered by defendant's receipt of "an amended pleading, motion, order or other paper" that reveals a basis for removal. *Id.* (citing 28 U.S.C. § 1446(b)). "[T]he [thirty-day] statutory time limit for removal petitions . . . is not jurisdictional," but it "is mandatory and a timely objection to a late petition will defeat removal." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (second alteration in original; internal citations omitted).

### III.   DISCUSSION

The parties disagree on which "other paper" triggered Walmart's time to remove in this case. (*See* Mot. 4 (arguing the June 26, 2023 Statement of Damages triggered the removal period); Opp'n 3 (arguing the September 13, 2023 Demand Letter triggered the removal period).)

A Statement of Damages is generally considered an "other paper" to trigger the second thirty-day period for removal. *See Brown v. Target Corp.*, No. 2:16-cv-07384-JFW (ASx), 2016 WL 6781100, at *2 (C.D. Cal. Nov. 16, 2016) (granting motion to remand where defendant removed the case more than thirty days after receiving plaintiff's Statement of Damages, from which defendant "could easily ascertain that the amount in controversy exceeded $75,000"); *Mix v. Allstate Ins. Co.*, No. 2:00-cv-00835-R (CTx), 2000 WL 1449880, at *2 (C.D. Cal. Apr. 19, 2000) (denying motion to remand because defendant "removed this case within 30 days of receiving the Statement of Damages" which was "the first writing establishing that plaintiff was seeking damages in excess of $75,000").

On June 26, 2023, Zavalza served Walmart with her Statement of Damages listing $5,000,000 in general damages. (Statement of Damages.) Thus, on June 26, 2023, Walmart received the first writing establishing that plaintiff sought general damages in excess of $75,000, triggering the thirty-day period to remove. Walmart did not remove the case until September 29, 2023, more than thirty days later. Therefore, Walmart's removal was untimely and the action must be remanded.

Walmart argues that Zavalza's June 26, 2023 Statement of Damages did not trigger the "other paper" time period to remove because it "reflected no objectively verifiable information or evidence" of medical expenses. (Opp'n 3, ECF No. 11.) But Walmart offers no authority requiring a plaintiff to provide evidence of expenses before a Statement of Damages will trigger the time period to remove. (*See generally id.*) In fact, Walmart cites no authority, at all, concerning restrictions on when a "Statement of Damages" will qualify as an "other paper" for purposes of 28 U.S.C. § 1446(b). (*See generally id.*) Instead, Walmart merely recites the procedural chronology of the case. The Court does not find Walmart's Opposition persuasive.

## IV. CONCLUSION

For the reasons above, the Court finds Walmart's removal untimely and accordingly **GRANTS** Zavalza's Motion to Remand. (ECF No. 10.) This action is hereby **REMANDED** to the Los Angeles Superior Court, 111 North Hill Street, Los Angeles, CA 90012, Case No. 22STCV20212. All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

December 15, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**